# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS. JR., | CASE NO. 1:11-cv-01158 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| R. VOGEL et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

**I.  Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Plaintiff's Claims**

Plaintiff, formerly incarcerated at Corcoran State Prison, brings this lawsuit against correctional officials employed at CSP Corcoran. Plaintiff names the following individual defendants: Supervisors Raul Lopez, R. Lambert and S. Rousseau; Sergeant R. Vogel; Correctional Officers Blaylock, Silva, Ramos and Grice. Plaintiff claims that he was subjected to excessive force in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

Plaintiff specifically alleges that On October 27, 2010, Defendant Vogel approached Plaintiff's cell and directed Plaintiff to pack his belongings in preparation for a cell move. Plaintiff advised Vogel that he was not leaving his cell. Vogel left, returning 20 minutes later with Defendant Rousseau. Rousseau and Vogel advised Plaintiff that they had authority to use mace to remove Plaintiff from his cell. Plaintiff alleges that he was removed from his cell "under duress" by orders of Defendants Lopez and Lambert. Defendants Blaylock, Silva and Ramos stripped Plaintiff to his boxer shorts and placed him on the unit yard "in frigid weather conditions." Plaintiff alleges that he was subjected to second hand smoke while in the rotunda. Plaintiff alleges that he while in the holding cell, he was suffered a spider bite.

**A.   Excessive Force**

Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Here, Plaintiff has failed to allege facts sufficient to state a claim for relief. That Plaintiff was forcibly removed from his cell does not, of itself, subject Defendants to liability. Plaintiff's own allegations indicate that he refused to move from his cell, and that force was authorized as a result. On the facts alleged, Plaintiff has not stated a claim for excessive force. The complaint alleges, at most, that Plaintiff was stripped out and placed in a holding cage in the rotunda, after being held for a period on the unit yard. These allegations, liberally construed, do not indicate that force was used sadistically or maliciously.

### B. Holding Cell

Plaintiff alleges that he was held (Plaintiff does not allege how long) on the unit yard, then transferred to a holding cage in the rotunda area. The routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry. "Those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). "The circumstances, nature, and duration of a deprivation of one of these necessities must

be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Here, Plaintiff fails to allege that he was subjected to unsanitary or unsafe conditions for a significant period of time. Plaintiff does not allege how long he was on the unit yard, or how long he was held in the holding cage in the rotunda. Plaintiff alleges nothing more than a temporary placement in a holding cage until he could be housed. Further, assuming Plaintiff was deprived of a necessity, the brief denial of a necessity such as food, sanitation or water does not rise to the level of a constitutionally significant injury, See Bolin v. Rice, 2000 WL 342676, 6 (N.D.Cal. Mar. 30, 2000).

### C.    Supervisory Defendants

Plaintiff names supervisory defendants. Plaintiff is advised that in order to establish liability under 42 U.S.C. § 1983, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Even under a "deliberate indifference" theory of individual liability, Plaintiff must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Plaintiff has not alleged any facts suggesting personal participation by any of the supervisory defendants.

### III.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.

1  Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

2      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

  Dated:   **June 15, 2012**          /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE